Bolster, C. J.
In this action the plaintiff sues for money lent, and she testified to the making of a loan. The defendant testified that the money given him was not a loan but a payment on account of a debt owed him by the plaintiff’s employer. The judge found specially that it was money lent.
What brings the case here is that the defendant asked the judge to rule that as matter of law a finding of a loan could not be made, and at the same time to rule that a finding of no loan was warranted. The judge refused both, coupling the denial in each case with the statement that he found a loan was made. The denial of the second request is all that the defendant now argues, citing Bresnick v. Heath, 1935 A. S. 2297. This case is a typical illustration of the perverted use which the bar is increasingly making of that decision, using the “warranted” type of ruling, not to bring into the light the principles of law governing decision, but as a “trap for the unwary” designed to secure a new trial before another judge. “Warrant” is a word of two meanings, one of pure permission, the other adding an aspect of compul *205 sion. It is, for that reason, an undesirable word in legal terminology. Granting that the second request was sound, it does not follow that prejudice to the defendant’s substantial rights is to be apprehended, in view of the special finding, nor that justice requires that the case be re-tried. Bresnick v. Heath was a case in which the party who had the burden of proof asked the judge to rule that his evidence, if credited, showed legal liability. The judge refused the request but made no special findings, and because the supreme judicial court did not feel sure that the general finding for the defendant did not rest on a mistake of law as to the legal sufficiency of the evidence to justify a finding for the plaintiff, it ordered a new trial. That does not decide that whenever such a ruling is requested and refused, wrongly, a new trial must be had. It depends on the case. Here the special findings make it abundantly plain that the judge “let the case go to-the jury,” although the defendant asked him both to do that and not to do it. Relegation of a case to the field of fact means that a finding either way is legally permissiblé. The denial of a request is not necessarily equivalent to the giving of its opposite, and there are certain types of rulings which a judge cannot be required to give, one of which is a ruling on partial evidence. And if a party asks a judge to follow two inconsistent courses, we think the judge may refuse both requests, rather than make a necessary election himself.
Furthermore, in the common case of a square conflict of evidence, there is no occasion for the use of such a request by one who is wholly on the defensive, and who must necessarily prevail if the testimony favorable to his adversary is not credited.
Report dismissed.